# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

RONNIE JUNIOR NIXON                                                                                       PLAINTIFF

v.                                          3:18-cv-00249-DPM-JJV

CHASITY SANDOVAL, Head Jailer,
Poinsett County Detention Center                                                                          DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy or the original of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

On December 19, 2018, Ronnie Junior Nixon ("Plaintiff") filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. (Doc. No. 1.) Plaintiff, who was confined in the Poinsett County Detention Center, did not file an Application to Proceed Without Prepayment of Fees ("IFP Application") or pay the $400 filing.

On December 21, 2018, I concluded it would be futile to order Plaintiff to file an IFP Application because he was a three striker, as defined by 28 U.S.C. § 1915(g), who failed to demonstrate he was currently in imminent danger of serious physical injury. (Doc. No. 2.) I then gave Plaintiff twenty-one (21) days to pay the $400 statutory filing fee in full and explained I would recommend dismissal if he failed to timely do so. (*Id*. at 2.)

Sometime in early January 2019, Plaintiff was released from custody and asked that I garnish $50 a month from his paycheck to pay the $400 fee. (Doc. No. 3.) I denied that request because it is not something the *in forma pauperis* statute, 28 U.S.C. § 1915, allows a court to do. (*Id*.) Although the Eighth Circuit has not specifically ruled on the matter, other courts have held the three strikes rule applies when, as in this case, a prisoner is released from custody while the lawsuit is pending. *See Harris v. City of New York,* 607 F.3d 18, 20-21 (2nd Cir. 2010); *Torns v. Miss. Dept. of Corrs.*, No. 10-60195, 2010 WL 5186756 (5th Cir. Dec. 21, 2010) (unpublished decision); *Banks v. Craighead Cnty. Det. Ctr.*, No. 3:16-cv-37-BSM, 2016 WL 3172393 (E.D.

Ark. April 20, 2016) (unpublished opinion); *Rose v. Craighead Cnty. Det. Facility,* No. 3:16-cv-40-DPM, 2016 WL 1726139 (E.D. Ark. Apr. 5, 2016) (unpublished opinion). In *Harris*, the court explained:

> Section 1915(g) begins: "In no event shall a prisoner bring a civil action or appeal" if on three or more occasions he has *brought* a suit that qualifies as a strike. 28 U.S.C. § 1915(g) (emphasis added). The use of the word "bring" offers a clear indication that the provision goes into effect - and bars the suit under the *in forma pauperis* section - at the moment the plaintiff files his complaint or notice of appeal.
>
> Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently. Because Harris was a prisoner at the time he "brought" the present action, the text of the statute mandates that the three strikes rule apply.

*Harris,* 607 F.3d at 21-22 (internal citations omitted).

Consistent with that reasoning, I conclude the three strikes provision applies to Plaintiff, and consequently, he must pay the filing fee in full to proceed with this case. The time for him to do so has expired.

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 1) be DISMISSED without prejudice due to a lack of prosecution.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 15th day of January 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE